UNITED STATES DISTRICT COURT
OF THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAXIMUS STRAHAN ) <br> ) <br> *Plaintiff* ) <br> ) <br> ) Civil Action No. <br> v. ) <br> ) 11-11235 <br> JAMES ROWLEY, THE CITY OF BOSTON ) <br> NUMEROUS JON DOES, THE ) 13 July 2011 <br> COMMISSIONER OF THE CITY OF ) <br> BOSTON POLICE DEPARTMENT, ) <br> AND KENISHA STEWART ) <br> ) <br> *Defendants* ) | |

### VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, COMPENSATORY AND PUNITIVE RELIEF AND REQUEST FOR A JURY TRIAL

This is a civil rights action arising from the unlawful pursuit and capture of Strahan by the Defendants on 2 August 2008 and their then using violence and threats of arrest to coerce Strahan to destroy his own digital pictures by deleting them from his camera. The Defendants Stewart and Rowley on that date organized and led a conspiracy of other Boston police employees to capture Strahan and then destroy his pictures of Defendant Stewart that he took earlier that day. These pictures show her being out of uniform — without her badge and gun — while she was officially performing a paid detail. Documenting police conduct in Public places is expressive activity protected by the First Amendment. Strahan's pursuit and capture by Boston cops and their coerced destruction of his property is a violation of his protected rights under the Fourth and Fourteenth Amendments.

1. After Strahan took pictures of Stewart working on a paid detail on Tremont Street in Boston on that day, Stewart became very angry at Strahan for photographing her. She ordered Strahan to stop taking pictures of her and to destroy the pictures he already took of her. Strahan

refused and eventually fled her presence. Stewart then abandoned her paid detail to pursue Strahan and never returned to it. Since she did not have a badge, gun or handcuffs, she radioed for other Boston cops to help her pursue and capture Strahan against his will. Defendant Rowley heard the radio call and came to her aid to capture Strahan.

2. Shortly thereafter Strahan was caught by Defendant Rowley and Stewart in front of the AMC Cinema across from Boston Common. Stewart again directly ordered Strahan to destroy his pictures of her and at first he refused. She directed the other arriving Boston police Defendants to either arrest him or physically force the destruction of Strahan's pictures of her being out of uniform. Under threat of being beaten and/or arrested by Rowley, Stewart and/or the other Boston police defendants, Strahan was intimidated and coerced by Stewart and Rowley into destroying several of his pictures of Stewart in his camera. This satisfied Rowley and Stewart, who then waived off the other Boston cops . Strahan was then ordered by Rowley and Stewart to leave under threat of arrest from the area without taking any pictures of them or the other Boston cops.

3. Strahan is suing the City of Boston because it negligently condones the wide-spread practice of Boston cops threatening and intimidating members of the Public from taking pictures of them in Public places in Boston MA. There is no Massachusetts law that prohibits the Public from taking pictures or video recording Boston Police in conducting their official duties in Public. The City of Boston has failed to discipline and supervise Boston Police to obey and follow the law that prohibits them from intimidating and coercing the Public that are taking pictures of them performing their duties in Public. The City of Boston similarly negligently allows Boston Police to intimidate and coerce Citizens to get them to destroy the said pictures that they have already taken of Boston Police in said performance.

4. I am seeking a declaratory judgment that the First Amendment protects the right of the Public to take pictures of Boston Police without their permission while they performing their duties in Public. I am seeking an injunction stopping BPD police employees from threatening or arresting me if I am taking pictures of them performing their official duties in Public. I am seeking an award of compensatory and punitive damages from each of the individual defendants sued in their personal capacity. I am seeking a jury trial.

## Jurisdiction and Standing

5. The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (provides the court jurisdiction to entertain actions under the laws of the United States); 42 U. S. C. § 1983 (Civil Rights Act); 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment); 28 USC § 1337 (provides the court jurisdiction to hear supplemental state claims); and the Massachusetts Civil Rights Act, 12 G. L. M. §§ 11H-11I.

6. Strahan has meets standing requirements of Article III of the Constitution to bring his claims against the Defendants. He has been injured by the Defendants, faces imminent arrest by the Defendants in the future and is the subject to the serious prospects of them repeating their said alleged unlawful actions against him at any time in the future.

## The Parties

7. Plaintiff Richard Max Strahan is a conservation scientists. He is a resident of Amherst MA. He is the Chief Science Officer of Whale Safe USA, a campaign to make the US coastline Whale Safe. His business mailing address is P. O. Box 382408, Cambridge MA 02238.

8. Defendant Kenisha Stewart is a deputized employee of the Boston Police Department. She is being sued in her individual capacity. Her business address is ℅ Boston Police Department, One Schroeder Plaza, Boston MA.

9. Defendant James Rowley is a deputized employee of the Boston Police Department. He is being sued in his individual capacity. His business address is % Boston Police Department, One Schroeder Plaza, Boston MA.

10. Defendants Jon Does are numerous and yet to be identified employees of the Boston Police Department in 2008. They are all being sued in their personal capacity. Their last known business address is % Boston Police Department, One Schroeder Plaza, Boston MA.

11. The Commissioner of the City of Boston's Police Department is currently Edward Davis. He is being sued in his official capacity as the Commissioner. The City of Boston itself is being sued. The City of Boston is incorporated as a city under the laws of the Commonwealth of Massachusetts.

**Background**

12. Strahan is a photographer. He routinely takes pictures of Public events in the vicinity of the Boston Commons in Boston MA. He use photography as a means of self-expression, commerce, and routinely displays his pictures to the Public. He conducts his photography in a peaceful and positive manner. Most of the subjects he photographs in Public are of architecture, construction sites, flowers, wildlife and police employees in the performance of their duties. He like to take pictures of large machinery. He likes to take pictures of events involving the Public taking place outdoors in Public spaces. He has never been accused of any unlawful act while engaged in his photography.

13. On 2 August 2008, He was peacefully taking pictures around Boston Common that day. At one point I walked by a crane truck and its crew that was completing some small construction project adjacent to the Public sidewalk. I stopped to take a few pictures with my

camera of the truck and its working crew. At no point did any member of this crew accuse him of interfering with their work or asked Strahan to stop taking pictures of the crane or their work.

14. Strahan's pictures inadvertently included Defendant Stewart as part of the scene — since she was standing near the crane. Defendant Stewart walked over to Strahan and ordered Strahan to stop taking pictures of the her, the crane truck and its crew. She ordered him not to take any more pictures. She said that I was violating the wiretap law in taking pictures of Police without her permission. She ordered me to destroy the pictures that I had already taken of her with my camera.

15. She was not in full uniform for a BPD police employee. She was not wearing a holster, carried neither a weapon, handcuffs, or any mace. She was not displaying any BPD badge anywhere visible on her person. I asked her if she was a for real BPD police and not a security guard or cop cadet. She seemed very upset by my question. He told her that he was just innocently taking a few pictures and had no other ulterior motives. Strahan repeatedly asked her if she was a BPD cop and if she was on duty. He could see no badge and no gun. She ignored his questions. She repeated her orders that he stop taking her picture and to destroy the pictures that he had already taken of her.

16. Strahan told her that he did not have to do anything she ordered him to do, since she could not show him a gun or a badge. Strahan told her that he was going to file a complaint against her with the Internal Affairs Division BPD for acting like a cop without a gun or a badge. He then took some more pictures of her to document who she was and that she did not have any gun or badge showing — that she was out of uniform. He then fled down the street. As Strahan left he heard her screaming at hom that she was going to get "those pictures."

17. He quickly walked/ran a few blocks to get away from her. He saw a pizza shop and ran into it to hide form her. He ordered and paid for two slices of pizza, and sat down to eat them. In a minute, He looked out the front window and saw Defendant Stewart in front of the pizza shop talking on her radio while looking into the window straight at me. She was pursued him to the pizza shop and she found him. A Boston EMS ambulance pulls up to the pizza shop and Defendant Stewart starts talking to the driver to assist her.

18. Strahan panics on see Stewart and flees the pizza shop with my two slices of pizza. As he runs out the door of the pizza shop he hears her talking into her radio telling the dispatcher that Strahan just left the pizza shop, thar she was in pursuit and I was heading to the Boston Commons. Strahan heard her directing other Boston Police to support her pursuit of him. She is asking other cops to intercept him, stop him and hold me in custody until she got there,

19. Strahan walks quickly at first then breaks into a run. But Stewart just picks up her pace and strats running herself after him. Defendant Stewart constantly is talking on her radio providing information on his position to the BPD dispatcher to coordinate his capture by her and the other individual police defendants who re dispatched to assist her.

20. Strahan runs around the corner to the Boston Common AMC cinema complex on Tremont Street ("AMC Cinema"). As he turns to see how close Stewart is to him, a bicycle riding Boston police employee rams him with his bicycle and grabs him firmly by the shoulder. It was Defendant James Rowley. He immediately screams at Strahan "your under arrest" and orders him to stop struggling and tells Strahan that he is going nowhere. He reports on his radio that "I got him." He then pushes me backwards to the door of the AMC Cinema. He keeps one hand on me as Defendant Stewart runs up to us. He asks her what she wants to do with me. Stewart tells him that I took pictures of her at the detail site and that she wants the pictures

destroyed. She tells him that I threatened to file a complaint against her for being out of uniform. She told him that she did not arrest me on her own because she did does have her badge or gun. Upon information and belief Rowley and Stewart at some point they were assigned to work together as partners on their BPD shifts.

21.    She again orders me to either destroy my pictures or I am going to be arrested. Then Rowley jumped in yelling at me to do what she told me to do; either destroy the pictures of her or he was the one that would hurt me and arrest me in order to back her up. As he said this he put his hand on his gun to show he meant it. Rowley kept his hands on me and blocked any movement that I could possibly make to escape.

22.    More of Boston police employees showed up, the Defendants Jon Doe. Two Boston police employees on motorcycles pull up to the street curb, they get off their bikes and was greeted by Defendant Stewart. She told them that I took pictures of her and that she needed help in getting the pictures destroyed. Then two Boston police cars and their crews join the other Defendant Jon Does. About ten Boston police employees in all surround Strahan, forming a phalanx that he can not get through except by the use of force against the cops. He screams that he wants to leave and to lket him go. But Stewart and Rowley shout that he was going nowhere and that Strahan is being detained for disorderly conduct.

23.    The other Boston cops follow Stewart's and Rowley's lead. They threaten to beat Strahan up and to arrest him unless he destroys his pictures of Stewart. One motorcycle cop — Defendant "Jon Doe Motorcycle" — that previously harassed me for petitioning in South Station came up to me and got right in my face. "I want you to destroy those pictures right now or I am going to beat your ass," he says to me while grabbing his gun.

24.     A "sergeant" of the Boston Police — Defendant "Jon Doe Sergeant" — approaches and admits that he recognizes Strahan. "Why aren't you saving whales today?" he asks. He then tells me the way it is. Strahan is either going to destroy his pictures of Defendant Stewart out of uniform or he id going to be arrested for disorderly conduct. He says to me that my camera will be "accidentally" destroyed during the arrest and the pictures alonbg with it.

25.     Strahan is absolutely convinced by the threats from Rowley, Stewart and the other individual Defendants, that these crazed police are going to arrest him on some trumped up charge in order to get their hands on his camera and then "accidentally" destroy my pictures of the out-of-uniform Defendant Stewarit. He feared that the hundreds of other pictures stored in it will alos be destroyed and forever lost to him. .

26.     Fearing for his safety and his property in the middle of a police riot, Strahan told Defendants Stewart and Riley that he was now willing to destroy his pictures of Defendant Stewart under the supervision of Rowley and Stewart. I had to keep showing Rowley and Stewart what the picture looked like that I offered to destroy, then he and she would nod their heads in agreement, and then I would destroy it. I went through this routine with Stewart and Rowley several times. Finally I asked if that was good enough. Rowley looked at Stewart and asked her if I destroyed enough pictures. Then Stewart looked back at him and told him that he could let me go. Strahan was then ordered by Defendant Stewart and the sergeant to leave the area, "Get the hell away from here as far as you can go right now," Jon Doe Sergeant shouted at Strahan. Stewart said that "if you take any more pictures of us your going to get your ass arrested!"

27.     Strahan manages to cross the street to the other side and then he stands on the sidewalk. Strahan is very upset and made emotionally distraught by the concerted and joint

assault on him by the Defendants Rowley and Stewart. Strahan then vomits on the sidewalk. He also loses the two slices of pizza when Rowley grabs and arrests him. Strahan is so threatened and intimidated by the physical and verbal abuse that the Boston Police jointly and concertedly inflict on him, that he abandons his intent to take more pictures on a beautiful day and just goes home. He did not visit Boston Common again or take any more pictures there since as a result of the threats and intimidation that he experiences in concert by the Defendants Stewar, Rowley and the other police Defendants.

28. To this day Strahan is still intimidated and coerced by the said events from talking pictures of Boston police doing their official duties in Public spaces. He has not visited Boston Common to take pictures there for over two years since the above described attacks by Defendants Stewart and Rowley.

29. Strahan filed a written complaint against Defendant Stewart and the other Defendants with the Internal Affairs Department of the BPD several days later.
By the beginning of 2009 the IAD completed its investigation. It exonerated Defendants Stewart from any wrong doing. It refused to investigate any other of the involved BPD police employees including Defendant Rowley. I appealed the IAD decision to the Community Ombudsman Oversight Panel. They rejected my appeal and affirmed the IAD decision — they affirmed the complete indifference that the City of Boston and the Commissioner has towards supervising its employees so that they do not engage in unlawful police practices.

30. The Commissioner and the City of Boston has an obligation tp discipline its police officers when they failed to comply with the First and Fourth Amendment and also acted jointly, concertedly and in a conspiracy to stop the coverup Defendant Stewart's open violation of BPD regulations when she performed out of uniform during 2 August 2008 detail duty. The

Commissioner and the City of Boston did not discipline Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle for unlawfully pursuing and detaining Strahan with no probable cause or suspicion of his violating any law.

31.     The Commissioner and the City of Boston did not punish Defendants Rowley and Stewart for using in concerts threats of violence and imminent arrest to actually coerce Strahan into destroying his own property. This makes all BPD police employees, including Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle, willing to unconstitutionally stop the Public from taking pictures of them performing their duties and even destroying these pictures in criminal violation of the law. The City of Boston and the Commissioner by negligently refusing to properly train and require that its police employees obey the law made it very likely that the BPD police employees would unlawfully detain the Public for taking pictures of them and then coerce them to destroy their photographs of these meployees.   would enaencouraging BPD employees to conspire and jointly act in concert to destroy evidence of their violating BPD's own regulations.

32.     The individual Defendants' actions were taken with reckless disregard for Strahan's constitutional rights and personal safety.

33.     Strahan did no wrong in regards to these events and photographing Defendant Stewart. Strahan was horrifically harmed by these events. He was emotionally battered by the Defendants and shocked to be attacked by these Defendants. He was so psychologically traumatized by these Defendants that he was forced to actually destroy his own property in violation of all his personal principles. He was rendered so upset he actually vomited after he escaped the custody of the individual Defendants. To this day he remains traumatized and affected by these events.

34. To this day, Strahan is being intimidated and coerced by the Defendants, the Commissioner and the city of Boston from taking any more pictures of BPD employees while they are performing their duties in Public. Since 2008, he has not returned to Boston Commons to take pictures of Public events. The only reason for not doing so is the current practice of BPD employees — negligently and openly tolerated by the Commissioner and the City of Boston — that allows BPD employees to stop the Public from taking pictures of BPD employees conducting their official duties in Public. There is no question that the Commissioner and the City of Boston will allow this to go on indefinitely unless stopped by a court of law.

### Strahan's Claims Against the Defendants

COUNT I: *Defendants Rowley's, Stewart's, Jon Doe Sergeant's, Jon Doe Motorcycle's Violation of the 43 USC § 1983 by their Violating the Plaintiff's Fourth Amendment Right Against Unlawful Seizure of His Body and Property*

35. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 29.

36. On 2 August 2008 Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle acting in concert to pursue, catch and then detain Strahan against his will for an extended period of time. They then acted in concert to threaten Strahan with arrest for disorderly conduct, physical violence, and used other unlawful coercion to get Strahan to destroy some of the pictures that he took earlier of Defendant Stewart. In these pictures Stewart is depicted to be without a gun, holster or wearing a visible badge. Defendants Rowley and Stewart acted in part out of retaliation against Strahan for his expressing his intent to file a complaint against Stewart for being out of uniform on a police detail.

37. Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle deprived Strahan of his well established protected rights under the Fourth Amendment of the Constitution against of unlawful seizure of his property and person.

38. Unless the District Court acts to restrain these Defendants from continuing their said unlawful conduct, they will continue to violate Strahan's said protected rights under the Fourth Amendment and Fourteenth Amendment to be safe in his body and property while peacefully photographing BPD employees while performing their duties in Public.

COUNT II: *Defendants Rowley's, Stewart's, Jon Sergeant's, Jon Motorcycle's Violation of the 43 USC § 1983 by their Violating the Plaintiff's First Amendment Rights to Peacefully Photograph Boston Police as Expressive Activity in Public Spaces.*

39. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 34.

40. On 2 August 2008 Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle acted in concert stopped Strahan against his will and then used against Strahan threats of arrest for disorderly conduct, physical violence, and used other unlawful coercion to get Strahan to destroy some of the pictures that he took earlier of Defendant Stewart. In these pictures Stewart is depicted to be without a gun, holster or wearing a visible badge. This was done by Defendants Rowley and Stewart in part as retaliation for Strahan expressing an intent to file a complaint against Stewart for being out of uniform while on duty as a BPD employee.

41. Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle deprived Strahan of his well established protected right of Freedom of Speech under the First Amendment of the Constitution. Out of fear of these Defendants making similar attacks on Strahan in retaliation for his taking pictures these or other BPD employees when they are performing their duties in Public, Strahan is avoiding taking any further pictures of these and other BPD employees.

43. Unless the District Court acts to restrain these Defendants from repeating their said unlawful conduct towards Strahan, they are expected to repeat it in the future.

COUNT III: 42 USC § 1983 *Monell*[1] Claim Against the City of Boston

44. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 38.

45. The violation of Strahan's constitutional rights by the joint actions of the Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle and the destruction of his property were caused by policies and customs of the City of Boston as described *supra*.

46. As a direct and proximate result of Defendants actions, Strahan suffered the damages described *supra*.

47. Unless the District Court acts to restrain these Defendants from continuing their said unlawful conduct, they will continue to violate Strahan's said protected rights under the Fourth Amendment and Fourteenth Amendment to be safe in his body and property while peacefully photographing BPD employees while performing their duties in Public

**Claims brought Under the District Court's Supplementary Jurisdiction**

COUNT IV: *Defendants Rowley's, Stewart's, Jon Doe Sergeant's, Jon Doe Motorcycle's Violation of the Massachusetts Civil Rights Act — Ch. 12 § 11I of MGL — by using threats to intimidate him to destroy his property and to not take pictures of Police employees in the future.*

48. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 43.

49. Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle acting in concert detained Strahan against his will by use of threats of harm and then used threats of arrest for disorderly conduct and the imminent infliction of harm on him and his property to intimidate and coerce him into destroying the pictures that he took of Defendant Stewart. They also sought to intimidate him as a lesson to others that they would be punished in the future if they took pictures of BPD police employees performing their duties in Public without first getting permission from the police employee.

---

[1] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978)

50.     Acting jointly and in concert, Defendants Rowley, Stewart, Jon Doe Sergeant and Jon Doe Motorcycle violated the Plaintiff's civil rights under the Massachusetts Civil Rights Act — Ch. 12 § 11I of the MGL — by threats, intimidation and coercion. As a direct and proximate result of these Defendants' actions, Plaintiff's suffered the damages described *supra*.

## PRAYER FOR RELIEF

I.   For a declaratory judgment declaring that the Public is lawfully entitled to peacefully photograph employees of the BPD performing their duties in Public places in Boston MA without any need to get permission from these BPD employees first in order to do so.

II.  For a declaratory judgment declaring that the detention of a member of the Public and the coerced destruction of his property — like the Defendants' 2 August 2008 seizure of Strahan and his coerced destruction of his property — violates the Civil Rights Act, the Fourth Amendment and the Fifth Amendment.

III. For a declaratory judgment that the First Amendment protects Strahan's right to peacefully photograph BPD employees performing their duties in Public without first obtaining their permission.

IV.  For an order enjoining the City of Boston and its employees from threatening arrest or otherwise interfering with Strahan's peaceful photography of BPD employees performing their duties in Public without first obtaining their permission in order to do so.

V.   For an award of $100,000 in compensatory damages from each of the individually sued Defendants and the City of Boston.

VI.  For an award of $1,000,000 in punitive damages from each of the individually sued Defendants.

VII. For an award of the Plaintiff's direct costs of prosecution against the Defendants.

VIII. For any further relief that the Court deems appropriate.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
esistoo@yahoo.com
617.233.3854

*Barefoot and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Maximus Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this 13 day of July in the year two thousand and eleven.

/s/ Richard Maximus Strahan
_____
Richard Maximus Strahan