UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| RICHARD MAXIMUS STRAHAN,     | ) |                              |
|                              | ) |                              |
| Plaintiff,                   | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 11-11235-DPW |
|                              | ) |                              |
| JAMES ROWLEY, et al.,        | ) |                              |
|                              | ) |                              |
| Defendants.                  | ) |                              |

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

October 4, 2011

SOROKIN, M.J.

On September 16, 2011, the pro se Plaintiff, Richard Maximus Strahan, filed a Motion for Preliminary Injunction in which he sought to enjoin the Defendants and their agents from interfering with his First Amendment right to videotape and photograph Boston police officers while performing their duties in public. Docket # 24. After the Court ordered Strahan to file the memorandum referenced in his motion, Strahan filed a corrected motion and memorandum on September 28, 2011. Docket #s 30-31.

The four requirements for injunctive relief are familiar. To obtain relief, Strahan must establish (1) that he has a substantial likelihood of success on the merits; (2) that he is subject to a significant risk of irreparable harm absent injunctive relief; (3) that the balance of hardships leans in his favor; and (4) that granting the injunction will not negatively affect the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir.2001).

1

Whatever the ultimate merits of Strahan's claims, his filings with regard to the motion for preliminary injunction fail to establish a basis for prospective relief. Even if the First Circuit's decision in Glik v. Cuniffe, --- F.3d ----, 2011 WL 3769092 (1st Cir. Aug. 26, 2011), arguably permits Strahan to make a strong showing that he is likely to prevail on the merits,[1] some irreparable harm in the absence of an injunction must nevertheless be proven. See Biogen Idec MA Inc. v. Trs. of Columbia Univ. in N.Y., 332 F.Supp.2d 286, 298 (D.Mass.2004) (Wolf, J.). Strahan has failed to prove that the particular alleged harm will occur (especially in light of the Glik decision) or to prove that it would not be accurately measurable or adequately compensable by money damages. I therefore RECOMMEND that the Court DENY his motion (Docket # 30) and DENY AS MOOT the previous motion supplanted by Strahan's corrected filing (Docket # 24).[2]

                                                     /s / Leo T. Sorokin
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the Defendants have filed motions to dismiss asserting that claim preclusion doctrine is applicable to bar Strahan's claims from being considered on the merits.

[2] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).