UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


RICHARD MAXIMUS STRAHAN,       )
                               )
          Plaintiff,           )
v.                             )         CIVIL ACTION NO.
                               )         11-11235-DPW
JAMES ROWLEY, THE CITY OF      )
BOSTON, NUMEROUS JON DOES,     )
THE COMMISSIONER OF THE CITY   )
OF BOSTON POLICE DEPARTMENT    )
and KENISHA STEWART,           )
                               )
          Defendants.          )


                       MEMORANDUM AND ORDER
                          March 31, 2012

     Before me is the December 20, 2011 Report and Recommendation by Magistrate Judge Sorokin that I allow the defendants' motions (Dkt. Nos 28, 32 and 39) to dismiss this action on res judicata grounds because of the meaningful identity between this case and a case in which Judge Tauro entered final judgment against the plaintiff for failure to state a claim upon which relief could be granted.  *Strahan* v. *Stewart*, Civil Action No. 10-12278 (D. Mass. June 13, 2011).  The plaintiff objects.

     The plaintiff's objection may fairly be characterized as an argument that principles of res judicata should not be applied to him by this court.  While that objection as stated is not compelling, the fact that there has been an intervening legal development in the First Circuit, *Glik* v. *Cunniff*, 655 F.3d 78 (1st Cir. 2011), throwing Judge Tauro's decision into question,

gave me pause about acting decisively so long as Judge Tauro's decision was on appeal, *see Strahan* v. *Stewart*, First Circuit No. 11-1280, as it was until recently in the First Circuit. Although it has long been held that the pendency of an appeal does not deprive a trial court judgment of finality for purposes of res judicata, *Deposit Bank* v. *Frankfort*, 191 U.S. 499 (1903), the potential for reversal of a trial court judgment on appeal can make it prudent to pause before entering a judgment based upon the preclusive effect of the earlier judgment on appeal. But the basis for that prudential pause ended two days ago when the First Circuit issued mandate on its judgment of February 27, 2012 dismissing the *Stewart* appeal for lack of diligent prosecution. That the dismissal of the *Stewart* appeal was on grounds of procedural failure does not deprive the underlying judgment of finality for res judicata purposes. *Cf. Hubbell* v. *United States*, 171 U.S. 203 (1898).

Given the final judgment left undisturbed by the First Circuit in the appeal from Judge Tauro's decision, the plaintiff's claim regarding the intervening legal development evidenced by First Circuit's opinion in *Glik* is no longer of any potential assistance to him. Accordingly, I adopt the Magistrate

Judge's recommendation in this case and direct the Clerk to enter a judgment of dismissal in this matter.

                                             **/s/ Douglas P. Woodlock**
                                             DOUGLAS P. WOODLOCK
                                             UNITED STATES DISTRICT JUDGE